IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| DEMARC CAMPBELL, | ) Civil Action No. 1:09-3220-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) **AND** |
| | ) **REPORT AND RECOMMENDATION** |
| VERIZON WIRELESS, | ) |
| Defendant. | ) |

The pro se Plaintiff filed this action on December 15, 2009. Plaintiff alleges claims concerning his former employment with Defendant.[1] On April 8, 2010, Defendant filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on April 9, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. He filed a response on May 13, 2010. Defendant filed a second motion to dismiss on October 5, 2010. A second Roseboro order was issued on October 6, 2010.

A hearing was held before the undersigned in Aiken, South Carolina on October 27, 2010.[2] Counsel for Defendant appeared. Plaintiff did not appear. Plaintiff has not responded to Defendant's second motion to dismiss.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(g), DSC. Because these are dispositive motions, this report and recommendation is entered for review by the court.

[2] Notice of the hearing was sent to Plaintiff at his address of record on October 7, 2010. Doc. 25.

**MOTION FOR EXTENSION OF TIME**

On August 11, 2010, Plaintiff filed a request for enlargement of time. He asks for an unspecified amount of time to procure legal counsel and to respond to Defendant's discovery requests.

Plaintiff has not specified the amount of time he needs. More than three months have passed since Plaintiff filed his motion, yet he has not informed the court concerning any attempts to obtain counsel, no appearance of counsel has been entered on his behalf, and he failed to appear at the hearing to address his motion as well as other pending motions. Additionally, Defendant extended the deadline for Plaintiff to respond to its discovery requests, but Plaintiff did not provide any discovery responses. **Plaintiff's motion to extend time (Doc. 19) is, therefore, denied.**

**MOTIONS TO COMPEL**

On September 7, 2010, Defendant filed a motion to compel responses to its first request for production and first set of interrogatories.[3] Defendant provides that it served written discovery upon Plaintiff on June 22, 2010; the deadline for Plaintiff's responses was originally July 26, 2010; Defendant's counsel, in a letter dated August 2, 2010, requested responses to its past-due discovery requests and gave Plaintiff an additional seven days in which to respond; and Plaintiff did not respond. As it is recommended that this action be dismissed (as discussed below), Defendant's first motion to compel is denied as moot.[4]

---

[3] Defendant has not provided a copy of the relevant discovery requests as required by the Local Rules. See Local Civil Rules 7.04 and 37.01 DSC.

[4] If the undersigned's recommendation is not adopted, it is recommended that Defendant's first
(continued...)

On October 4, 2010, Defendant filed a second motion to compel. Defendant provides that Plaintiff's deposition was noticed for October 4, 2010, Defendant was prepared to depose Plaintiff at that time, and Plaintiff failed to appear or otherwise respond to the notice. Plaintiff's counsel requests the Plaintiff be ordered to appear and participate in his deposition, produce documents as requested by the Notice of Deposition, and reimburse Defendant for appearance and attorney fees. As it is recommended that this action be dismissed, it is recommended that Defendant's second motion to compel be denied as moot as to Defendant's request for Plaintiff to appear and participate in his deposition and to produce documents. It is also recommended that Defendant's request for reimbursement of court reporter fees of $72.35 be granted.[5]

## **MOTIONS TO DISMISS**

Defendant contends, in its first motion to dismiss, that this action should be dismissed for improper service. In response, Plaintiff argues that he has now properly served Defendant. In their second motion to dismiss, Defendant argues that this action should be dismissed pursuant to Rule 41(b) for Plaintiff's failure to prosecute and Rule 37(b)(2) for Plaintiff's failure to follow the orders of the Court. Plaintiff did not respond to Defendant's second motion to dismiss.

A.  <u>Service</u>

Defendant contends that this action should be dismissed pursuant to Federal Rule of Civil Rule 12(b)(5) because Plaintiff has failed to effect sufficient service of process on Defendant.

---

[4](...continued)
motion to compel be granted as Plaintiff has not responded to Defendant's first request for production and first set of interrogatories.

[5] Defendant provided copies of the deposition statement of non-appearance and a court reporter invoice. Doc. 27, attachments.

Plaintiff, who is proceeding in forma pauperis, completed a Form USM-285 on which he provided the following address for service:

> William H. Floyd, III
> Nexsen Pruet 1230 Main Street, STE 700 Columbia, SC 29202

Doc. 14.[6] Defendant contends that service on Defendant's counsel is not proper under the Federal Rules of Civil Procedure. In response, Plaintiff argues that he has now properly served Defendant because he sent a "copy of the Summons and Complaint by Express Mail...Return Receipt Requested [to] Verizon Wireless Aiken, 156 S. Aiken Lane, Aiken, South Carolina 29803." Doc. 15. Defendant contends that this attempted service, on one of its retail stores, is also insufficient. On June 1, 2010, Defendant answered the complaint. In the answer, Defendant specifically raised the defense of insufficient service of process.

The Federal Rules of Civil Procedure provide, in pertinent part:

**Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> >
> > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by

---

[6]In an order entered February 19, 2010, the undersigned directed the United States Marshal to serve the complaint upon Defendant. It was noted that Plaintiff appeared to be attempting to serve Defendant by serving an attorney, but the court was not expressing an opinion on whether service of process could be accomplished in this manner. Plaintiff was also informed that it was his responsibility to provide information sufficient to identify Defendant on the Form USM-285, the United States Marshal could not serve a defendant that was not properly identified, and a defendant that is not served may be dismissed as a party to this action. See Doc. 9.

> appointment or by law to receive service of process and--if the agent
> is one authorized by statute and the statute so requires--by also
> mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(i). Service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Under South Carolina law, a corporation is served by:

> delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

S.C.R.Civ. P. 4(d)(3).

Plaintiff's first attempt to serve Defendant by serving Defendant's attorney does not satisfy Fed. R. Civ. P. 4(h) and is not proper service. See Sain v. HSBC Mortgage Services, Inc., 2009 WL 2858993 (D.S.C. August 28, 2009); United States v. Ziegler Bolt and Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997); see also J & L Parking Corp. v. United States, 834 F. Supp. 99, 102 (S.D.N.Y. 1999)(holding that "an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action"), aff'd, 23 F.3d 397 (2d Cir. 1994). His second attempt at service also does not satisfy the applicable Federal Rule and is not proper service. There is no indication that Plaintiff's second attempt at service was made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h), see also S.C.R.Civ. P. 4(d)(3).

B. Failure to Prosecute

Defendant contends that this action should be dismissed for Plaintiff's failure to prosecute. Specifically, Defendant argues that Plaintiff failed to answer discovery requests despite

5

an extension of time to do so, failed to respond to Defendant's motion to compel discovery, and failed to attend his scheduled deposition or give Defendant notice or explanation of his absence.

In support of its request, Defendant argues that the requested relief is appropriate because Plaintiff has not properly served the complaint, Plaintiff failed to respond to any of its written discovery requests, and Plaintiff failed to appear at his noticed deposition (on October 4, 2010) or give Defendant notice or explanation of his absence.

In considering whether to dismiss an action pursuant to Rule 41(b),[7] the court is required to consider four factors:

(1)  the degree of plaintiff's responsibility in failing to respond;

(2)  the amount of prejudice to the defendant;

(3)  the history of the plaintiff in proceeding in a dilatory manner; and

(4)  the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978). In addition, it has been held that a party should receive a warning that failure to obey an order of the Court could result in dismissal. Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989).

It is recommended that this action be dismissed with prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute. In the present case, Plaintiff is proceeding pro se, so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that

---

[7]This Rule provides, in part:
If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.
Fed. R. Civ. P. 41(b).

no responses to Defendant's discovery requests have been served. Plaintiff has not responded to Defendant's second motion to dismiss. Additionally, Plaintiff failed to appear at the October 27, 2010 hearing. No other reasonable sanctions are available.

## **CONCLUSION**

Based on the foregoing, **IT IS ORDERED** that Plaintiff's motion for an extension of time (Doc. 19) is **denied** and Defendant's first motion to compel (Doc. 20) is also **denied**.

It is recommended that Defendant's first and second motions to dismiss (Docs. 11 and 22) be **granted**, and that this action be **dismissed** with prejudice. It is further recommended that Defendant's second motion to compel (Doc. 21) be **granted** as to the Defendant's request for $72.35 in fees charged by the court reporter related to Plaintiff's deposition, and **denied** as to all other requests.

Joseph R. McCrorey
United States Magistrate Judge

November 17, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).