IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| DeMarc Campbell, ) | |
| ) | C/A No. 1:09-3220-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Verizon Wireless, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff DeMarc Campbell is a former employee of Defendant Verizon Wireless. On December 15, 2009, Plaintiff, proceeding pro se, filed a complaint alleging that he was subject to discrimination and retaliation because of his disability. Thus, Plaintiff brings this action pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

On April 8, 2010, Defendant filed a motion to dismiss. On April 9, 2010, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a memorandum in opposition to Defendant's motion on May 13, 2010. On October 5, 2010, Defendant filed a motion to dismiss for lack of prosecution, asserting that Plaintiff had failed to respond to discovery requests and motions to compel. Moreover, according to Defendant, Plaintiff failed to attend his scheduled deposition on October 4, 2010. Defendant seeks dismissal of the action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). A second Roseboro order was

issued on October 6, 2010. Plaintiff filed no response to the second motion to dismiss. On October 27, 2010, the Magistrate Judge held a hearing on the various motions pending. Plaintiff failed to appear.

On November 17, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed for failure to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff filed no response to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The within action is **dismissed *with prejudice*** pursuant to Rule 41(b) for failure to

prosecute. Defendant's second motion to compel is **granted** as to the Defendant's request for $72.35 in fees charged by the court reporter related to Plaintiff's deposition, and **denied** as to all other requests.

**IT IS SO ORDERED**.

                                                 /s/ Margaret B. Seymour
                                                 United States District Judge

Columbia, South Carolina

December 8, 2010

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**